UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR L. VALENTINE, | ) | CASE NO. 4:15-cv-2127 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RALPH HANSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Pro se petitioner Hector L. Valentine is an inmate at the Federal Correctional Institution in Elkton, Ohio, and has filed this in forma pauperis action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks an order vacating his federal criminal sentence, claiming that the career offender enhancement of his sentence is invalid under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). For the reasons stated below, the petition is denied.

  A. Background

Petitioner contends that he was sentenced under the career criminal sentencing enhancement, and now challenges the constitutionality of his sentence in light of the Supreme Court's recent decision in *Johnson v. United States* and the Sixth Circuit's decision in *United States v. Darden*. In *Johnson*, the Supreme Court held that the "residual clause" contained in a portion of the Armed Career Criminal Act is void for vagueness, and that imposing an increased sentence under the residual clause violates due process. *Johnson v. United States*, __ U.S. __,

135 S. Ct. 2551, 2563 192 L. Ed. 2d 569 (2015). In *Darden*, the Sixth Circuit held that *Johnson* applied to invalidate the similar residual clause in § 4B1.2(a)(2) of the United States Sentencing Guidelines. *United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015). Petitioner asks this Court to vacate his sentence and to resentence him without the career offender enhancement.

### B. Discussion

A district court must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Id.* The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

As a general matter, 28 U.S.C. § 2255 and 28 U.S.C. § 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, claims asserted by federal prisoners seeking to challenge the imposition of their sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

28 U.S.C. § 2255(e) has a "savings clause," which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (citation omitted). Section 2255 relief is not inadequate or ineffective, however,

merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held that the savings clause applies to allow a § 2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (citations omitted). Actual innocence means "factual innocence," that is, the petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 F. App'x at 443 (internal quotation marks and citations omitted).

Although the petitioner refers to "actual innocence" in his petition, he challenges only his enhanced sentence as a career offender—he does not contend he is actually innocent of the underlying crime for which he was sentenced. The Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. § 2241. *See Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (citation omitted); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.") (citation omitted).

Accordingly, the petitioner's challenge to his enhanced sentence is not cognizable under § 2241. Other federal courts considering similar petitions have indicated that if *Johnson* provides a petitioner a basis to challenge the constitutionality of his enhanced sentence, it might be through a motion or second or successive petition under 28 U.S.C. § 2255. The Sixth Circuit

3

recently decided that *Johnson* provides a basis to challenge the constitutionality of an enhanced sentence through a petition under § 2255. *See In re Watkins*, 810 F.3d 375 (6th Cir. 2015).

### C. Conclusion

For the reasons stated above, the § 2241 petition is denied, and this action is dismissed. The dismissal is without prejudice to any § 2255 action petitioner may file in the appropriate trial court. Petitioner's motion to proceed in forma pauperis is granted. (Doc. No. 2.).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 23, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**